# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LAW OFFICES OF ARMAN DABIRI & ASSOCIATES P.L.L.C., *Plaintiff*, v. THE AGRICULTURAL BANK OF SUDAN, *et al.*, *Defendant.* | Civil Action No. 17-2497 (RDM) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Law Offices of Arman Dabiri & Associates P.L.L.C. ("Dabiri") has brought an action seeking damages for the breach of a retainer agreement against Defendants Agricultural Bank of Sudan ("ABS"), the Ministry of Agriculture and Forests ("the Ministry"), the Central Bank of the Republic of Sudan ("the Central Bank"), and Salah Eldin Hassan Ahmed ("Ahmed"). Dkt. 1 at 2–3 (Compl. ¶¶ 1–6). Although the Ministry and the Central Bank have yet to appear, ABS and Ahmed have filed separate motions to dismiss the action. *See* Dkt. 12; Dkt. 14. This matter is currently before the Court on Dabiri's motion to strike Ahmed's later-filed motion, Dkt. 16, which presents the question whether it is procedurally proper to strike a motion to dismiss.

Dabiri asks the Court to strike Ahmed's motion pursuant to Federal Rule of Civil Procedure 12(f). That provision authorizes the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Dkt. 16-1 at 2 (quoting Fed. R. Civ. P. 12(f)). Dabiri argues that Ahmed's separate motion to dismiss is

"identical" to ABS's earlier-filed motion to dismiss and thus is redundant under Rule 12(f).[1] *Id.* at 3. In response, Ahmed contends that the federal rules permit only the striking of pleadings, not motions. Dkt. 17 at 1. He further asserts that, even if Rule 12(f) permitted the striking of a motion to dismiss, he should be permitted to file his own motion rather than merely rely on the one filed by ABS. *Id.* at 1–3.

Under Federal Rule of Civil Procedure 12(f), the Court may strike "redundant, immaterial, impertinent, or scandalous matter" from "any pleading." Fed. R. Civ. P. 12(f). The decision to grant or deny a motion to strike "is vested in the trial judge's sound discretion," *Dentons US LLP v. Republic of Guinea*, 208 F. Supp. 3d 330, 338 (D.D.C. 2016) (quoting *Aftergood v. CIA*, 355 F. Supp. 2d 557, 564 (D.D.C. 2005)), but motions to strike are generally "not favored," *Stabilisierungsfonds Fur Wein v. Kaiser Stuhl Wine Distrib. Pty. Ltd.*, 647 F.2d 200, 201 (D.C. Cir. 1981). Neither party has identified a case in which a court has granted a motion to strike a motion to dismiss. Dkt. 17 at 3; Dkt. 16-1 at 2–3; Dkt. 21 at 4. To the contrary, courts have consistently denied as procedurally improper motions to strike directed at other motions. *See, e.g., King v. Caliber Home Loans, Inc.,* 210 F. Supp. 3d 130, 138 n.4 (D.D.C. 2016) (stating that motions may not be stricken since they are outside the pleadings); *Bond v. ATSI/Jacksonville Job Corps Center*, 811 F. Supp. 2d 417, 421 (D.D.C. 2011) (denying a motion to strike a motion to dismiss); *Patel v. Phillips*, No. 10-cv-749, 2011 WL 4433630, at *1 (D.D.C. 2011) (denying a motion to strike a motion for reconsideration). The plain language of the relevant rules, moreover, only authorizes the court to strike "pleadings," Fed. R. Civ. P.

---

[1] Dabiri also argues that Ahmed's motion should be stricken because ABS's motion to dismiss was filed "on behalf of all named defendants" in the case. Dkt. 16 at 1. ABS's motion, however, clearly states that it was filed by ABS alone. Dkt. 12 at 1 ("Defendant Agricultural Bank of Sudan's Motion to Dismiss Plaintiff's Complaint"); Dkt. 12-1 at 7.

12(f), which are defined to the exclusion of motions, Fed. R. Civ. P. 7(a); *see also King*, 210 F. Supp. 3d at 138 n.4 (citing Wright & Miller et al., *Federal Practice & Procedure* § 1380 (3d ed. Supp. 2012)).

Dabiri argues in the alternative that any defenses raised in Ahmed's motion to dismiss that were not raised in ABS's earlier motion to dismiss are waived under Rule 12(h)(1)(A). Dkt. 16-1 at 3. The proper place to raise such an argument is in an opposition. Consequently, the Court declines to reach Dabiri's waiver argument, but—to the extent appropriate—he may raise it again in his opposition to Ahmed's motion.

## CONCLUSION

Dabiri's motion to strike Ahmed's motion to dismiss, Dkt. 16, is hereby **DENIED**. It is further **ORDERED** that on or before August 20, 2018, Dabiri shall file an opposition to Ahmed's motion to dismiss.

**SO ORDERED**.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date: August 5, 2018