UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LAW OFFICES OF ARMAN DABIRI & ASSOCIATES P.L.L.C., *Plaintiff*, v. AGRICULTURAL BANK OF SUDAN, *Defendant.* | Civil Action No. 17-2497 (RDM) |

## MEMORANDUM OPINION

In this case, a D.C. law firm, the Law Offices of Arman Dabiri & Associates ("Dabiri"), is suing one of its former clients, the Agricultural Bank of Sudan ("ABS"), for breach of contract and unpaid fees. Dkt. 1 at 2 (Compl. ¶ 1). Although ABS initially appeared, it has since stopped participating in this litigation. The Court construes the pending motion before it, Dkt. 86; Dkt. 87,[1] as seeking both entry of default *and* a default judgment. For the reasons that follow, the Court will **GRANT in part** and **DEFER in part** Dabiri's motion.

ABS's participation in this case was short-lived. After being served on January 22, 2018, Dkt. 10, ABS timely filed a motion to dismiss, Dkt. 12. In its motion, ABS argued that dismissal was warranted, *inter alia*, because Dabiri had failed to comply with the service requirements set forth in 28 U.S.C. § 1608(a)(3). *See Law Offices of Arman Dabiri & Assocs. v. Agricultural Bank of Sudan*, 2019 WL 231753, at *4 (D.D.C. Jan. 16, 2019). The Court agreed but permitted

---

[1] In June 2023, the Court denied an earlier motion for default, Dkt. 85, as moot in light of the pending supplemental motion for default at Dkt. 86. *See* Min. Entry (June 2, 2023). Although captioned as a separate motion, Dkt. 87 is best understood as a supplemental submission. *See id.* at 1 ("Plaintiff[] respectfully files the instant factual supplemental memorandum of law pursuant to the Court's Minute Order of June 2, 2023.").

Dabiri to make further efforts to effect proper service within forty-five days of the Court's order. *See id.*, at *8. Dabiri properly served ABS within that window. *See Law Offices of Arman Dabiri & Assocs. v. Agricultural Bank of Sudan*, 2021 WL 918080, at *1–3 (D.D.C. Mar. 9, 2021). ABS subsequently filed a second motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. 50. The Court denied that motion in March 2021. *See Dabiri*, 2021 WL 918080, at *3.

In the months following the Court's decision, ABS effectively abandoned this litigation. Multiple lapses in communication between ABS and its attorney prompted defense counsel to file numerous motions to withdraw between April 2021 and October 2022. *See* Dkt. 61; Dkt. 64; Dkt. 80. During that time, ABS would occasionally reappear for short intervals. *See, e.g.*, Dkt. 72 (Notice of Appearance). But the Court has not heard from ABS since July 2022, when defense counsel appeared at a status conference. *See* Min. Entry (July 29, 2022). In October 2022, the Court granted counsel's final motion to withdraw. Dkt. 80; Min. Order (Oct. 24, 2022). Since then, ABS has failed to notice substitute counsel, failed to appear at a status conference, *see* Min. Entry (Nov. 16, 2022), and repeatedly failed to comply with discovery requests, *see* Min. Order (Jan. 11, 2023). In January 2023, the Court cautioned ABS that its failure "to participate in this litigation" could "result in the entry of default judgment." Min. Order (Jan. 11, 2023).

On May 15, 2023, after months of inaction, Dabiri filed a motion for entry of default against ABS. Dkt. 85. Dabiri filed a second motion on May 30, 2023 in which it detailed, as necessary for entry of default judgment, the evidentiary basis for concluding that the firm had established its right to relief as required under 28 U.S.C. § 1608(e). Dkt. 86. At a hearing held the following month, the Court denied as moot Dabiri's initial motion for entry of default, Dkt.

85, in light of his second and still pending motion, Dkt. 86.  The Court also requested supplemental information regarding Dabiri's claim, which Dabiri filed shortly thereafter, Dkt. 87.  ABS has not responded.

Federal Rule of Civil Procedure 55(a) provides that when a defendant "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  A court may enter a default if a defendant is "a 'totally unresponsive' party and its default plainly willful."  *Hanley-Wood LLC v. Hanley Wood LLC*, 783 F. Supp. 2d 147, 150 (D.D.C. 2011) (internal citation omitted); *cf. Jackson v. Beech*, 636 F.2d 831, 835 (D.C. Cir. 1980) (noting that appropriateness of default judgment is "committed to the sound discretion of the trial court").  ABS satisfies that standard.  For over a year now, it has been "totally unresponsive," and its disengagement is "plainly willful."

As Chief Judge Boasberg explained in a similar case:  "To be sure, unlike the typical defendant against whom default is entered," ABS has "not *always* been unresponsive."  *Tirado v. Ex. Home Sols. LLC*, 2023 WL 34472 (D.D.C. Jan. 4, 2023), at *1; *see also City of New York v. Mickalis Pawn Shop*, 645 F.3d 114, 129 (2d Cir. 2011) ("[T]he typical Rule 55 case [is one] in which a default has entered because a defendant failed to file a timely answer." (internal quotations omitted)).  ABS, for example, filed two motions to dismiss.  But the "mere appearance by a defending party, without more, will not prevent the entry of a default for failure to plead or otherwise defend."  Wright & Miller, 10A Fed. Prac. & Proc. Civ. § 2682 (4th ed.).  "[A] district court is also empowered to enter a default against a defendant that has failed to 'otherwise defend,'" and most courts have "embraced a broad understanding" of that phrase.  *City of New York*, 645 F.3d at 129 (alterations and internal quotations omitted); *see also Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 917 (3d Cir. 1992).

Here, even though ABS initially appeared and filed two motions to dismiss, since then it has failed to "otherwise defend." Almost a year and a half has passed since this Court heard from ABS. The Court "provided multiple chances for [ABS] to manifest [its] intent to contest this action, but each was disregarded." *Tirado*, 2023 WL 34472, at *2. And, after the Court granted defense counsel's latest motion to withdraw, Min. Order (Oct. 24, 2022), ABS failed to identify substitute counsel, *see id.* "The only reasonable inference from that behavior" is that ABS has "no intent to defend this case." *Id.*; *see also Nevada Gen. Ins. Co. v. Anaya*, 326 F.R.D. 685, 692 (D.N.M. 2018) ("Examination of the relevant authorities reveals . . . that the relevant question is whether a defendant has indicated an intent to defend against the complaint."). Entry of default against ABS is therefore appropriate.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for entry of a default judgment, Dkt. 86; Dkt. 87, is hereby **GRANTED in part** and **DEFERRED in part**. The Court will direct the Clerk of Court to enter a default against ABS and will defer ruling on Dabiri's motion for a default judgment until after notice of entry of default has been provided on the docket and mailed to ABS.

**SO ORDERED**.

                                                   /s/ Randolph D. Moss
                                                  RANDOLPH D. MOSS
                                                  United States District Judge

Date:  November 16, 2023